**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DATATERN, INC.** | |
| Plaintiff, | **Civil Action No. 2:09-cv-178** |
| v. | **JURY TRIAL DEMANDED** |
| 1. **THE ALLSTATE CORPORATION** | |
| 2. **ALLSTATE INSURANCE COMPANY** | |
| 3. **ALLSTATE LIFE INSURANCE COMPANY** | |
| 4. **BAYER CORPORATION** | |
| 5. **BP AMERICA INC.** | |
| 6. **BUY.COM INC.** | |
| 7. **CHEVRON CORPORATION** | |
| 8. **CHEVRON U.S.A. INC.** | |
| 9. **CHEVRON PRODUCTS COMPANY** | |
| 10. **CONOCOPHILLIPS COMPANY** | |
| 11. **CONOCOPHILLIPS** | |
| 12. **HALLIBURTON COMPANY** | |
| 13. **HSN, INC.** | |
| 14. **HSN INTERACTIVE LLC** | |
| 15. **JPMORGAN CHASE & CO.** | |
| 16. **JPMORGAN CHASE BANK, N.A.** | |
| 17. **CHASE BANK USA, N.A.** | |
| 18. **WASHINGTON MUTUAL, INC.** | |
| 19. **NATIONWIDE FINANCIAL SERVICES, INC.** | |
| 20. **NATIONWIDE MUTUAL INSURANCE COMPANY** | |
| 21. **THE PRUDENTIAL REAL ESTATE AFFILIATES, INC.** | |
| 22. **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** | |
| 23. **PRUDENTIAL FINANCIAL, INC.** | |
| 24. **SUNTRUST BANKS, INC.** | |
| 25. **SUNTRUST BANK** | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which DataTern, Inc. makes the following allegations against The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Bayer Corporation, BP America Inc., Buy.com Inc., Chevron Corporation, Chevron U.S.A. Inc., Chevron Products Company, ConocoPhillips Company, ConocoPhillips, Halliburton Company, HSN, Inc., HSN Interactive LLC, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., Washington Mutual, Inc., Nationwide Financial Services, Inc., Nationwide Mutual Insurance Company, The Prudential Real Estate Affiliates, Inc., The Prudential Insurance Company of America, and Prudential Financial, Inc. (collectively, "Defendants").

## PARTIES

1.     Plaintiff DataTern, Inc. ("Plaintiff") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this District.

2.     On information and belief, Defendant The Allstate Corporation ("Allstate Corp.") is a Delaware corporation with its principal place of business at 2775 Sanders Road, Northbrook, IL 60062-6110.   Allstate Corp. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

3.     On information and belief, Defendant Allstate Insurance Company ("Allstate Insurance") is an Illinois corporation with its principal place of business at 2775 Sanders Rd., Northbrook, IL, 60062-6110.   Allstate Insurance has appointed CT Corporation System, 400 Cornerstone Dr., 240, Williston, VT 05495-4019 as its agent for service of process.

4.     On information and belief, Defendant Allstate Life Insurance Company ("Allstate Life Insurance") is an Illinois corporation with its principal place of business at 3100 Sanders

Road Suite G4A, Northbrook, IL 60062-7127. Allstate Life Insurance has appointed CT Corporation System, B.E. Auth In Virginia, 4701 Cox Rd Ste 301, Glen Allen, VA 23060-6802,as its agent for service of process.

5.      On information and belief, Defendant Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Rd., Pittsburgh, PA 15205-9741. Bayer Corporation has appointed Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204 as its agent for service of process.

6.      On information and belief, Defendant BP America Inc. ("BP America") is a Delaware corporation with its principal place of business at 4101 Winfield Road, Warrenville, IL 60555-3521. BP America has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

7.      On information and belief, Defendant Buy.com Inc. ("Buy.com") is a Delaware corporation with its principal place of business at 85 Enterprise, Ste. 100, Aliso Viejo, CA 92656. Buy.com has appointed Registered Agent Solutions, Inc., 32 W. Loockerman St., Suite 201, Dover, Delaware 19904 as its agent for service of process.

8.      On information and belief, Defendant Chevron Corporation ("Chevron Corp") is a Delaware corporation with its principal place of business at 6001 Bollinger Canyon Rd., San Ramon, CA 94583. Chevron Corp. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

9.      On information and belief, Defendant Chevron U.S.A. Inc. ("Chevron U.S.A.") is a Pennsylvania corporation with its principal place of business at 6001 Bollinger Canyon Rd., San Ramon, CA 94583. Chevron U.S.A. has appointed Prentice-Hall Corporation System, Inc., Pennsylvania, as its agent for service of process.

10.     On information and belief, Defendant Chevron Products Company ("Chevron Products") is a Pennsylvania corporation with its principal place of business at 6001 Bollinger Canyon Rd., San Ramon, CA 94583.   Chevron Products has appointed The Prentice-Hall Corporation System, Inc., 601 Abbott Rd., East Lansing, MI 48823-3366 as its agent for service of process.

11.     On information and belief, Defendant ConocoPhillips Company is a Delaware corporation with its principal place of business at 600 N Dairy Ashford St 3170, Houston, TX 77079-1100.   ConocoPhillips Company has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

12.     On information and belief, Defendant ConocoPhillips is a Delaware corporation with its principal place of business at 600 North Dairy Ashford, Houston, TX 77079. ConocoPhillips has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

13.     On information and belief, Defendant Halliburton Company ("Halliburton") is a Delaware corporation with its principal place of business at 5 Houston Center, 1401 McKinney, Suite 2400, Houston, TX 77010.   Halliburton has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

14.     On information and belief, Defendant HSN, Inc. ("HSN") is a Delaware corporation with its principal place of business at 1 HSN Drive, St Petersburg, FL 33729.   HSN has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

15.     On information and belief, Defendant HSN Interactive LLC ("HSNI") is a Delaware corporation with its principal place of business at 1 HSN Drive, St Petersburg, FL 33729.  HSNI has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

16.     On information and belief, Defendant JPMorgan Chase & Co. is a Delaware corporation with its principal place of business at 270 Park Avenue, New York, NY 10017. JPMorgan Chase & Co. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

17.     On information and belief, Defendant JPMorgan Chase Bank, N.A. is a subsidiary of JPMorgan Chase & Co. with its principal place of business at 1111 Polaris Parkway, Columbus, OH 43240.  JPMorgan Chase Bank, N.A. has appointed CT Corporation System, 400 Cornerstone Dr., 240, Williston, VT 05495-4019 as its agent for service of process.

18.     On information and belief, Defendant Chase Bank USA, N.A. is a Maryland corporation with its principal place of business at White Clay Center Building 200, Route 273, Newark, Delaware 19711.   Chase Bank USA, N.A. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

19.     On information and belief, Defendant Washington Mutual, Inc. ("WAMU") is a Washington corporation with its principal place of business at 1301 Second Avenue, Seattle, WA 98101.  WAMU has appointed Corporation Service Company, 6500 Harbour Heights Pkwy, Mukilteo, WA 98275 as its agent for service of process.

20.     On information and belief, Defendant Nationwide Financial Services, Inc. ("Nationwide Financial") is a Pennsylvania corporation with its principal place of business at 1

Nationwide Plaza, Columbus, OH 43215-2220. Nationwide Financial has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

21.     On information and belief, Defendant Nationwide Mutual Insurance Company ("Nationwide Mutual") is a Ohio corporation with its principal place of business at 1 Nationwide Plaza, Columbus, OH 43215-2220. Nationwide Mutual has appointed CT Corporation, B.E. Auth in Virginia, 4701 Cox Rd Ste 301, Glen Allen, VA 23060-6802 as its agent for service of process.

22.     On information and belief, Defendant The Prudential Real Estate Affiliates, Inc. ("Prudential Real Estate") is a Delaware corporation with its principal place of business at 3333 Michelson Dr., Ste. 1000, Irvine, CA 92612-1690. Prudential Real Estate has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

23.     On information and belief, Defendant The Prudential Insurance Company of America ("Prudential Insurance") is a New Jersey corporation with its principal place of business at 751 Broad Street, Newark, NJ 07102. Prudential Insurance has appointed CT Corporation, B.E. Auth in Virginia, 4701 Cox Rd Ste 301, Glen Allen, VA 23060-6802 as its agent for service of process.

24.     On information and belief, Defendant Prudential Financial, Inc. ("Prudential Financial") is a New Jersey corporation with its principal place of business at 751 Broad Street, Newark, NJ 07102. Prudential Financial has appointed CT Corporation System, 111 8th Ave, New York, NY 1011-5201 as its agent for service of process.

25.     On information and belief, Defendant SunTrust Banks, Inc. is a Georgia corporation with its principal place of business at 303 Peachtree Street, Suite 500, Atlanta, Georgia 30308.  SunTrust Banks, Inc. has appointed Raymond T. Fortin, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308 as its agent for service of process.

26.     On information and belief, Defendant SunTrust Bank is a wholly-owned banking subsidiary of SunTrust Banks, Inc. SunTrust Banks, Inc. has appointed C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

## JURISDICTION AND VENUE

27.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

28.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

29.     On information and belief, Defendant Allstate Corp. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant Allstate Insurance is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant Allstate Life Insurance is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant Bayer Corporation is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant BP America is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant Buy.com is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due

at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.     On information and belief, Defendant Chevron Corp. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant Chevron U.S.A. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant Chevron Products is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38.     On information and belief, Defendant ConocoPhillips Company is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39.     On information and belief, Defendant ConocoPhillips is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40.     On information and belief, Defendant Halliburton is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41.     On information and belief, Defendant HSN is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

42.     On information and belief, Defendant HSNI is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

43.     On information and belief, Defendant JPMorgan Chase & Co. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

44.     On information and belief, Defendant JPMorgan Chase Bank, N.A. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

45.     On information and belief, Defendant Chase Bank USA, N.A. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion

of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

46.    On information and belief, Defendant WAMU is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

47.    On information and belief, Defendant Nationwide Financial is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

48.    On information and belief, Defendant Nationwide Mutual is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

49.    On information and belief, Defendant Prudential Real Estate is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long

Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

50.    On information and belief, Defendant Prudential Insurance is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

51.    On information and belief, Defendant Prudential Financial is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

52.    On information and belief, Defendant SunTrust Banks, Inc. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

53.    On information and belief, Defendant SunTrust Bank is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

54.    Plaintiff is the owner by assignment of United States Patent No. 5,937,402 ("the '402 Patent") entitled "System for Enabling Access to a Relational Database from an Object Oriented Program." The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

55.    Upon information and belief, Defendant Allstate Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Corp. websites (including, without limitation to, allstate.com and allstateagencies.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Allstate Corp. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

56.    Upon information and belief, Defendant Allstate Insurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Insurance websites (including, without limitation to, allstate.com and allstateagencies.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Allstate Insurance is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

57.    Upon information and belief, Defendant Allstate Life Insurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Allstate Life Insurance websites (including, without limitation to, allstate.com and allstateagencies.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Allstate Life Insurance is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

58.     Upon information and belief, Defendant Bayer Corporation has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Bayer Corporation websites (including, without limitation to, bayer.com and mybayerjob.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Bayer Corporation is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

59.     Upon information and belief, Defendant BP America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various BP America websites (including, without limitation to, bp.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant BP America is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

60.     Upon information and belief, Defendant Buy.com. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Buy.com websites (including, without limitation to, buy.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Buy.com is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant Chevron Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Chevron Corp. websites (including, without limitation to, chevron.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Chevron Corp. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Chevron U.S.A. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Chevron U.S.A. websites (including, without limitation to, chevron.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.   Defendant Chevron U.S.A. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

63.     Upon information and belief, Defendant Chevron Products has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Chevron Products websites (including, without limitation to, chevron.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.   Defendant Chevron Products is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

64.    Upon information and belief, Defendant ConocoPhillips Company has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various ConocoPhillips Company websites (including, without limitation to, conocophillips.com and drivesavvy.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant ConocoPhillips Company is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

65.    Upon information and belief, Defendant ConocoPhillips has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various ConocoPhillips websites (including, without limitation to, conocophillips.com and drivesavvy.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant ConocoPhillips is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

66.     Upon information and belief, Defendant Halliburton has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Halliburton websites (including, without limitation to, halliburton.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Halliburton is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

67.     Upon information and belief, Defendant HSN has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various HSN websites (including, without limitation to, hsn.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant HSN is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

68.     Upon information and belief, Defendant HSNI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various HSNI websites (including, without limitation to, hsn.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant HSNI is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

69.    Upon information and belief, Defendant JPMorgan Chase & Co. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various JPMorgan Chase & Co. websites (including, without limitation to, chase.com and wamu.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.   Defendant JPMorgan Chase & Co. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

70.    Upon information and belief, Defendant JPMorgan Chase Bank, N.A. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by, among other things, methods practiced on various JPMorgan Chase Bank, N.A. websites (including, without limitation to, chase.com and wamu.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant JPMorgan Chase Bank, N.A. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

71.    Upon information and belief, Defendant Chase Bank USA, N.A. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Chase Bank USA, N.A. websites (including, without limitation to, chase.com and wamu.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Chase Bank USA, N.A. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

72.    Upon information and belief, Defendant WAMU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, methods practiced on various WAMU websites (including, without limitation to, wamu.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant WAMU is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

73.     Upon information and belief, Defendant Nationwide Financial has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Nationwide Financial websites (including, without limitation to, nationwide.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Nationwide Financial is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

74.     Upon information and belief, Defendant Nationwide Mutual has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Nationwide Mutual

websites (including, without limitation to, nationwide.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Nationwide Mutual is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

75.     Upon information and belief, Defendant Prudential Real Estate has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Prudential Real Estate websites (including, without limitation to, prudential.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Prudential Real Estate is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

76.     Upon information and belief, Defendant Prudential Insurance has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Prudential Insurance websites (including, without limitation to, prudential.com) through its use of object oriented

source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Prudential Insurance is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

77.     Upon information and belief, Defendant Prudential Financial has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Prudential Financial websites (including, without limitation to, prudential.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Prudential Financial is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

78.     Upon information and belief, Defendant SunTrust Banks, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various SunTrust Banks, Inc. websites (including, without limitation to, suntrust.com) through its use of object oriented source code to employ objects that are populated with information from a

relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant SunTrust Banks, Inc. is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

79.    Upon information and belief, Defendant SunTrust Bank has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various SunTrust Bank websites (including, without limitation to, suntrust.com) through its use of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.   Defendant SunTrust Bank is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

80.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied with any such requirements.

81.    To the extent that facts learned in discover show that Defendants' infringement of the '402 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

82.     As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

83.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '402 Patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 Patent as provided under 35 U.S.C. § 284;

4.     An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.    Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,


Dated: June 2, 2009

By: /s/ Marc A. Fenster
Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:    310/826-6991

Andrew W. Spangler, TX SB # 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:    903/553-0403
Email: spangler@spanglerlawpc.com

**Attorneys for Plaintiff**
**DATATERN, INC.**